LIBERTY CASH GROCERS, INC., *v.* CLEMENTS.

4-4558

Opinion delivered March 15, 1937.

*Murphy & Wood,* for appellant.

*Jay M. Rowland* and *C. Floyd Huff, Jr.,* for appellee.

MEHAFFY, J. This is an appeal from a judgment rendered in the circuit court of Garland county in favor of appellee against appellant for one thousand dollars damage done to appellee's .Cadillac automobile in a collision with appellant's truck at a point on the highway about four miles from Brinkley. The automobile as well as the truck was being driven at the time by chauffeurs of the respective parties. Thurman Flapp was driving the automobile and Ernest Giccajalia the truck. They met at the point of collision on May 17, 1935, after dark. There is a conflict in the testimony as to whether it was foggy and drizzling rain, but all agree that it was a dark night. The road was straight and level for a considerable distance either way from the point of collision.

Thurman Flapp testified that he was traveling at about twenty-five miles an hour on the north side of the

highway when he ran into the truck which was parked with its front wheels a little over the center of the highway and that the lights on the truck were out; that although he was keeping a lookout, he never discovered the truck in time to stop by applying his brakes or to turn around it, and that after striking it and losing his left front wheel, his car veered around the truck and turned to the south and ran into a ditch; that after getting out of his car he climbed up the bank and walked about twenty feet back towards the truck, where he met Ernest Giccajalia coming toward him; Giccajalia asked him if he was hurt and he said "No" and asked Giccajalia the same question and received the same answer; he then asked Giccajalia what he meant by being on the wrong side of the road and Giccajalia answered that he did not know.

Mr. Wood, attorney for appellant, said to the court: "I don't think that is proper. I object to that. He is not a party to the suit."

The court remarked: "I think any statements he made there about the cause of action would be competent —statements made there at the time."

The attorney saved exceptions to the ruling of the court and preserved his exceptions in the motion for a new trial.

Other witnesses testified on behalf of appellee as to the position and condition of the cars and marks on the pavement after the collision tending to corroborate the testimony of Thurman Flapp.

Ernest Giccajalia testified that he was traveling at the rate of about twenty miles an hour when he observed the Cadillac coming toward him at a very high rate of speed; that he slowed down to about eight miles an hour and pulled over on the shoulder on the south side to the edge of the ditch; that the driver of the Cadillac came over on the south side of the road and ran into him, veered around the truck and ran into the ditch on the south side some fifty-two yards behind the truck. He denied being parked across the center of the highway or that his lights were out, and also denied that he told Thurman Flapp he was on the wrong side of the highway.

Other witnesses testified relative to the marks on the pavement and position of the truck after the collision tending to corroborate the testimony of Ernest Gaccajalia.

During the conversation between the drivers Thurman Flapp testified that Giccajalia told him the truck was insured for an amount sufficient to cover all damages, but this testimony was properly excluded from consideration of the jury by the court.

At the conclusion of the testimony appellant requested the court to instruct the jury to return a verdict in its favor because the undisputed testimony showed its driver was not negligent, which the court refused to give.

Appellant contends for a reversal of the judgment because the court refused to peremptorily instruct a verdict in its favor. Evidence appears in the record tending to show the driver of the truck parked his truck on the wrong side of the road and that his lights were not on. This evidence was believed by the jury and is of a substantial nature and sufficient to support the jury's verdict.

Appellant also contends for a reversal of the judgment because the court admitted the testimony of Thurman Flapp to the effect that he asked Giccajalia why he was on the wrong side of the road to which he replied that he did not know.

When this testimony was objected to, the court said: "I think any statements he made there about the cause of action would be competent—statements made there at the time." This statement of the court reflects that the evidence was admitted on the theory that it was a part of the *res gestae.* This conversation between the drivers occurred some five minutes after the collision and was no part of the collision itself or an incident emanating from it. The rule as to whether an occurrence is a part of the *res gestae* of a transaction as announced by Mr. Wharton and adopted as the correct definition and explanation of *res gestae* in the cases of *Little Rock Traction & Electric Company* v. *Nelson,* 66 Ark. 494, 52 S. W. 7, and *Rogers* v. *State,* 88 Ark. 451, 115 S. W. 156, 41 L. R. A. (N. S.) 857, is as follows:

" 'Their sole distinguishing feature is that they must be the automatic and necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for, or emanations of, such act, and are not produced by the calculated policy of the actors. They are the act talking for itself, not what people say when talking about the act.' In this case the evidence is what the person said when talking about the act, and was not the voluntary emanation of the act itself.'' Under this rule the testimony of the drivers was not a part of the *res gestae* and the court erred in admitting it. The evidence was prejudicial as tending to support the evidence of Thurman Flapp to the effect that the truck was on the wrong side of the road.

It is argued that appellant failed to specifically object to the admission of this evidence on the ground that it was not a part of the *res gestae*. This was not necessary as the court admitted it on the ground that it was a part of the *res gestae*. Appellant was not required to call the court's attention to something the court already knew and was acting upon.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.